***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Houser and the briefs and arguments before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence or rehear the parties or their representatives. The Full Commission AFFIRMS with some modifications the Opinion and Award of the Deputy Commissioner.
 *********** RULINGS ON THE EVIDENTIARY MATTERS
At the hearing before the Full Commission, plaintiff made a motion to submit additional medical records. The parties were given 15 days from the date of the Full Commission's hearing in which to submit additional medical records to the Commission. Upon receipt, these additional *Page 2 
records shall be received into evidence and shall be part of the record before Deputy Commissioner Houser.
 ***********
Based upon the competent evidence of record herein, the Full Commission makes the following:
 FINDINGS OF FACT
1. On all relevant dates, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On all relevant dates, an employment relationship existed between plaintiff and defendant-employer. Defendant-employer regularly employed three or more employees and was bound by the North Carolina Workers' Compensation Act.
3. On December 17, 1984, plaintiff sustained an injury by accident to her cervical spine while employed by Picker International. That claim is the subject of I.C. File No. 533390.
4. Plaintiff was paid compensation for medical treatment and lost wages related to her claim in I.C. File No. 533390, and was released at maximum medical improvement without restrictions on August 8, 1985. Plaintiff's last payment of compensation was in September 1985.
5. On February 16, 1988, plaintiff filed an Industrial Commission Form 33 alleging a change of condition related to I.C. File No. 533390. The claim was dismissed in 1991 for failure to comply with filing requirements of N.C. Gen. Stat. § 97-47.
6. On September 23, 2003, plaintiff filed another Form 33 related to I.C. File No. 533390.
7. In December 2004, the Full Commission affirmed the prior dismissal of plaintiff's claim associated with I.C. File No. 533390. *Page 3 
8. On June 11, 2003, plaintiff filed an Industrial Commission Form 18 related to this claim, alleging an injury to her "right hand, right arm, hip, side, neck, etc.," occurring on "10/__/2002" while lifting a case of toilet tissue and paper towels. IC File No. 364272 was assigned to this claim upon plaintiff's filing of her Form 18.
9. In 2004, plaintiff retained attorney Craig O. Asbill.
10. Sometime thereafter, plaintiff then retained Andre Tippens as counsel. Mr. Tippens filed a second Form 18 for this claim, alleging that plaintiff injured her neck and back on October 15, 2002. IC File No. 426756 was assigned to the this claim upon the filing of the Form 18 by Mr. Tippens, thereby resulting in two I.C. File numbers being assigned to the same claim.
11. On September 6, 2006, plaintiff, proceeding without representation, filed an Industrial Commission Form 33 Request for Hearing for injury to her "low back area" with the date of the alleged injury as October 15, 2002. This claim was placed on the March 20, 2007 hearing docket of Deputy Commissioner Philip A. Baddour, III.
12. Plaintiff retained Annemarie Pantazis as her attorney on or about March 9, 2007, and the claim was set for mediation at the request of the parties.
13. On July 16, 2007, the parties participated in mediation. At the conclusion of the July 16, 2007 mediated settlement conference, plaintiff signed a Mediated Settlement Agreement, along with Ms. Pantazis, the mediator, and Jennifer Gauger, counsel for defendants.
14. Following the mediation, the mediator filed a report with the Industrial Commission dated July 16, 2007, indicating that the parties reached an agreement on all issues and that the claim would be settled by clincher and other agreement. *Page 4 
15. Pursuant to the executed Mediated Settlement Agreement, counsel for defendants mailed Ms. Pantazis a completed Compromise Settlement Agreement on July 20, 2007. Plaintiff refused to sign the Agreement and Ms. Pantazis was permitted with withdraw as counsel for plaintiff by Deputy Commissioner Houser at his hearing.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Because the Mediated Settlement Agreement entered into by the parties and signed by plaintiff on July 16, 2007 constituted a contractual agreement, that agreement complied with Rule 502(2) of the North Carolina Workers' Compensation Rules and is a valid compromise settlement agreement, subject to approval by the Industrial Commission pursuant to Rule 502(1). Lemly v. Colvard Oil Co., 157 N.C. App. 99,577 S.E.2d 712 (2003).
2. This case is hereby remanded to Deputy Commissioner Houser to take evidence on plaintiff's reasons for her refusal to sign the Mediated Settlement Agreement and to determine whether the Agreement is fair and just and in the best interest of all parties, as required by the Workers' Compensation Rules. Vernon v. Steven L. Mabe Builders,336 N.C. 425, 444 S.E.2d 191 (1994).
 *********** Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following: *Page 5 AWARD
1. This case is hereby remanded to Deputy Commissioner Houser to take evidence on plaintiff's reasons for her refusal to sign the Mediated Settlement Agreement. Deputy Commissioner Houser shall then review the Agreement to determine whether it is fair and just and in the best interest of all parties, as required by the Workers' Compensation Rules.
2. No costs are assessed at this time.
This 27 day of February, 2008.
S/
 LAURA KRANIFELD MAVRETIC
 COMMISSIONER
CONCURRING: S/
 BERNADINE S. BALLANCE
 COMMISSIONER
S/
 CHRISTOPHER SCOTT
 COMMISSIONER *Page 1